1

2

3

4

5          IN THE UNITED STATES DISTRICT COURT

6          FOR THE EASTERN DISTRICT OF CALIFORNIA

7    DYKE EDWARD NELSON,

8              Plaintiff,              No. 2:10-cv-2156 JFM (PC)

9        vs.

10   KATHLEEN DICKINSON, Warden,
     et al.,[1]

11
               Defendants.            ORDER
12   _____/

13          Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

14   U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

15   § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.

16   § 636(b)(1).

17          Plaintiff has submitted a declaration that makes the showing required by 28

18   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

19          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

20   U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee

21   in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will

22   direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account

23   and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly

24   payments of twenty percent of the preceding month's income credited to plaintiff's prison trust

25

26          [1]  On August 31, 2010, plaintiff filed a motion to correct the spelling of defendant
     Dickinson's last name.  Good cause appearing, the motion is granted.

1

1    account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court

2    each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28

3    U.S.C. § 1915(b)(2).

4            The court is required to screen complaints brought by prisoners seeking relief

5    against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

6    § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

7    claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

8    granted, or that seek monetary relief from a defendant who is immune from such relief.  28

9    U.S.C. § 1915A(b)(1),(2).

10           A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

11   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

12   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

13   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

14   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

15   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

16   Cir. 1989); Franklin, 745 F.2d at 1227.

17           Plaintiff filed his original complaint in this action on August 11, 2010.  On

18   September 2, 2010, plaintiff filed another complaint, accompanied by a letter asking whether,

19   pursuant to Local Rule 132, he could join two distinct claims in one action.  Finally, on October

20   20, 2010, plaintiff filed a motion for leave to include a prayer for nominal and compensatory

21   damages.

22           Plaintiff is informed that "[w]hich claims are joined in a given . . . lawsuit . . . is

23   largely up to the plaintiff."  Lira v. Herrera, 427 F.3d 1164, 1174 (9th Cir. 2005).  He may,

24   therefore, bring distinct claims in this action.  Similarly, plaintiff may include a prayer for

25

26

2

1    nominal and compensatory damages.[2]  Plaintiff must, however, raise all of his claims and include

2    all of his prayers for relief in one pleading.  This is because, as a general rule, an amended

3    complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

4    Once plaintiff files an amended complaint, the original pleading no longer serves any function in

5    the case.  Therefore, in the operative pleading in this action each claim and the involvement of

6    each defendant must be sufficiently alleged, and the prayer for relief must include all relief that

7    plaintiff seeks in this action.

8            Good cause appearing, plaintiff's original and first amended complaints will be

9    dismissed and plaintiff will be given a period of thirty days in which to file a second amended

10   complaint that raises all claims and includes all prayers for relief sought by this action.  If

11   plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how the

12   conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

13   Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

14   how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

15   there is some affirmative link or connection between a defendant's actions and the claimed

16   deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

17   1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

18   allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

19   Regents, 673 F.2d 266, 268 (9th Cir. 1982).

20           In addition, plaintiff is informed that the court cannot refer to a prior pleading in

21   order to make plaintiff's second amended complaint complete.  See Local Rule 220 (an amended

22   complaint must be complete in itself without reference to any prior pleading.)

23           In accordance with the above, IT IS HEREBY ORDERED that:

24   _____

25       [2]  Plaintiff does not require leave of court to include these prayers for relief.  His motion
     will be construed as a motion for leave to amend his complaint to include such prayers and, so
26   construed, will be granted.

3

1      1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

2      2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

3  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

4  § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

5  Director of the California Department of Corrections and Rehabilitation filed concurrently

6  herewith.

7      3.  Plaintiff's October 20, 2010 motion is construed as a motion for leave to

8  amend and, so construed, is granted.

9      4.  Plaintiff's original and first amended complaints are dismissed.

10      5.  Within thirty days from the date of this order, plaintiff shall complete the

11  attached Notice of Amendment and submit the following documents to the court:

12          a.  The completed Notice of Amendment; and

13          b.  An original and one copy of the Second Amended Complaint.

14  Plaintiff's second amended complaint shall be completed on the form provided with this order

15  and shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil

16  Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket

17  number assigned this case and must be labeled "Second Amended Complaint"; failure to file an

18  amended complaint in accordance with this order may result in the dismissal of this action.

19      6.  The Clerk of the Court is directed to send plaintiff the court's form civil rights

20  complaint and accompanying instructions.

21  DATED: December 2, 2010.

22

23                          _____

24                          UNITED STATES MAGISTRATE JUDGE

25  12
   nels2156.14
26

4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DYKE EDWARD NELSON,

11          Plaintiff,                    No. 2:10-cv-2156 JFM (PC)

12      vs.

13   KATHLEEN DICKINSON, Warden,
     et al.,                              NOTICE OF AMENDMENT
14
            Defendants.
15   _____/

16          Plaintiff hereby submits the following document in compliance with the court's

17   order filed _____:

18          _____        Second Amended Complaint

19   DATED:

20

21

22

23          _____

24                              Plaintiff

25

26

                              6