IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DYKE EDWARD NELSON,

       Plaintiff,                    No. 2:10-cv-2156 JFM (PC)

    vs.

KATHLEEN DICKINSON, Warden,
et al.,

       Defendants.            ORDER

                                    /

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        By order filed December 3, 2010, plaintiff's original and first amended complaints were dismissed and plaintiff was granted leave to file a second amended complaint.  Plaintiff filed a second amended complaint on December 22, 2010.  On January 5, 2011, plaintiff filed a third amended complaint.   The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.

1

28 U.S.C. § 1915A(b)(1),(2).  Good cause appearing, the court will screen plaintiff's third amended complaint.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Plaintiff's third amended complaint contains two separate sets of allegations.  In the first, plaintiff alleges that he has had continuous problems with access to the prison law library at California Medical Facility (CMF) since December 3, 2001, when he arrived at the prison.  He alleges that because he is a mental health patient at the enhanced outpatient (EOP) level of care, his law library access is generally limited to "two and sometimes, but rarely, four hours on the weekends" and, because of his EOP placement he was not permitted to call his court appointed attorney "during EOP hours of assignment, which were the same hours that the plaintiff's attorney worked in his office."  Third Amended Complaint, filed January 5, 2011, at 3. Plaintiff names four defendants in this claim:  Kathleen Dickinson, the Warden of CMF; Dr. J. Jackson; Mr. Y. Cheng; and Mr. Sanchez.

In Lewis v. Casey, 518 U.S. 343 (1996), the United States Supreme Court held that prison inmates have a constitutionally protected right to access the courts to bring civil rights actions to challenge their conditions of confinement and to bring challenges to their criminal convictions.  Lewis v. Casey, 518 U.S. at 351.  The right of access to the courts "guarantees no particular methodology but rather the conferral of a capability -- the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts."  Id. at 356.
/////

1  To state a cognizable claim, plaintiff must allege facts which suggest that defendants by their acts
2  prevented him from bringing, or caused him to lose, an actionable claim of this type. Id.

3  Exhibits appended to the third amended complaint demonstrate that plaintiff
4  contended in an administrative grievance submitted in August 2009 that the denial of access to
5  the prison law library caused him to lose his criminal appeal and his "only chance of getting a
6  new trial." Ex. A to Third Amended Complaint, at 3. Plaintiff has also appended an order from
7  the United States Court of Appeals for the Ninth Circuit, filed July 28, 2009, denying plaintiff's
8  application for leave to proceed with a second or successive habeas corpus petition for failure to
9  make a prima facie showing either that the petition would raise a claim that relies on new rule of
10  constitutional law made retroactive to cases on collateral review by the U.S. Supreme Court or a
11  claim whose factual predicate "could not have been discovered previously through the exercise
12  of due diligence" and whose facts "would be sufficient to establish by clear and convincing
13  evidence that, but for constitutional error, no reasonable factfinder would have found the
14  petitioner guilty of the underlying offense." Id. at 8.

15  While exhibits appended to a pleading are a part thereof for all purposes, see Fed.
16  R. Civ. P. 10(c), these two exhibits are insufficient to support a claim of interference with access
17  to the courts. Specifically, the allegations in the exhibits are insufficient to suggest that plaintiff
18  had one or more actionable claims for federal habeas corpus relief from his criminal conviction,
19  or that any alleged limitation on his access to the prison law library caused him to lose such claim
20  or claims. For that reason, the court finds that these allegations do not state a cognizable claim
21  for interference with plaintiff's right to access the courts.

22  In his second set of allegations, plaintiff alleges that he has been prescribed an
23  "extensive amount of medications" while at CMF, some of which have caused adverse effects
24  individually, while others have caused adverse effects when mixed with other medications. In
25  February 2010, he was given a mixture of medications that had adverse effects when mixed
26  /////

together, causing plaintiff to black out in his cell, collapse, and smash his mouth open on the corner of his locker.  Plaintiff names four defendants in this claim.

> The Civil Rights Act under which this action was filed provides as follows:
>
> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Three of the defendants named in this claim, Kathleen Dickinson, Dr. J. Bick, and Dr. Nicolas Aguilera, are included solely based on their supervisory roles at the prison.  Plaintiff has failed to state a cognizable claim for relief against these three defendants.

The fourth defendant named in this claim is Dr. Alex Ziga, the physician who allegedly prescribed the medications to which plaintiff had the adverse reaction described.  In

Estelle v. Gamble, 429 U.S. 97, 106 (1976), the Supreme Court held that inadequate medical care did not constitute cruel and unusual punishment cognizable under § 1983 unless the mistreatment rose to the level of "deliberate indifference to serious medical needs." In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06.

There is nothing in the third amended complaint that suggests that Dr. Ziga's act of prescribing the medications to plaintiff was the result of deliberate indifference. For that reason, plaintiff has failed to state a cognizable claim for relief against Dr. Ziga. Because the court cannot find at this time, however, that this defect could not be cured by amendment, the court will grant plaintiff an opportunity to amend his complaint.

If plaintiff chooses to file a fourth amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the fourth amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's fourth amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a fourth amended complaint, the prior

complaints no longer serve any function in the case.  Therefore, in a fourth amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's third amended complaint is dismissed; and

2. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

   a. The completed Notice of Amendment; and

   b. An original and one copy of the Fourth Amended Complaint.

Plaintiff's fourth amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the fourth amended complaint must bear the docket number assigned this case and must be labeled "Fourth Amended Complaint"; failure to file a fourth amended complaint in accordance with this order may result in the dismissal of this action.

DATED: April 29, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

12
nels2156.144

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DYKE EDWARD NELSON,

       Plaintiff,

vs.

KATHLEEN DICKINSON, Warden, et al.,

       Defendants.
_____/

No. 2:10-cv-2156 JFM (PC)

NOTICE OF AMENDMENT

       Plaintiff hereby submits the following document in compliance with the court's order filed _____:

       _____ Fourth Amended Complaint

DATED:

       _____
       Plaintiff