IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DYKE EDWARD NELSON,

    Plaintiff,                      No. 2:10-cv-2156 MCE JFM (PC)

   vs.

DR. ALEX ZIGA, etc.,                ORDER AND

    Defendant.                FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On March 5, 2012, plaintiff filed a motion for temporary restraining order. Plaintiff seeks an order preventing a correctional officer at California Medical Facility from destroying, disposing of, or stealing plaintiff's property.

        The purpose in issuing a temporary restraining order is to preserve the status quo pending a fuller hearing. The cases contain limited discussion of the standards for issuing a temporary restraining order due to the fact that very few such orders can be appealed prior to the hearing on a preliminary injunction. It is apparent however, that requests for temporary restraining orders which are not ex parte and without notice are governed by the same general standards that govern the issuance of a preliminary injunction. See New Motor Vehicle Bd. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977) (Rehnquist, J.); Los Angeles Unified Sch.

1

Dist. v. United States Dist. Court, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J. dissenting); Century Time Ltd. v. Interchron Ltd., 729 F. Supp. 366, 368 (S.D.N.Y. 1990).  In many cases the emphasis of the court is directed to irreparable harm and the balance of hardships because the merits of a controversy are often difficult to ascertain and adjudicate on short notice.

In his motion, which is signed under penalty of perjury, plaintiff states that on February 22, 2012, he was told to take his personal and legal property to the property room because he was being transferred to California Men's Colony.  He further states that a correctional officer working in the property room, who is not a party to this action, told plaintiff that he had too much property and that the correctional officer was "going to make sure" that plaintiff lost the property.  On March 8, 2012, plaintiff filed a notice of change of address in which he represents that he still has not received his legal property.

First, as a general rule this court is unable to issue an order against individuals who are not parties to a suit pending before it.  Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969).  Moreover, "speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction."  Caribbean Marine Services Co., Inc. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988) (citing Goldie's Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir.1984)).  Plaintiff's allegations of injury are too speculative to warrant injunctive relief at this time.

In accordance with the above, IT IS HEREBY RECOMMENDED that plaintiff's March 5, 2012 motion for temporary restraining order be denied without prejudice to its renewal, as appropriate, if plaintiff has not received access to his legal property within thirty days of the date of any order by the district court adopting these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned

1  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
2  objections shall be filed and served within fourteen days after service of the objections.  The
3  parties are advised that failure to file objections within the specified time may waive the right to
4  appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
5  DATED: March 19, 2012.

UNITED STATES MAGISTRATE JUDGE

12
nels2156.tro

3