IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DYKE EDWARD NELSON,

    Plaintiff,                    No. 2:10-cv-2156 MCE JFM P

    vs.

DR. ALEX ZIGA,

    Defendant.              ORDER

                                /

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  On May 11, 2012, defendants filed a motion for summary judgment in this action pursuant to Federal Rule of Civil Procedure 56.  On June 11, 2012, plaintiff filed an opposition to the motion for summary judgment.[1]

        Pursuant to Woods v. Carey, ___ F.3d ___, 2012 WL 2626912 (9th Cir. 2012), Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988), the court hereby once again informs plaintiff of the following

---

[1] On May 31, 2012, plaintiff filed a motion for extension of time to file an opposition. That motion was granted by order filed June 20, 2012, and plaintiff was granted thirty days from the date of that order in which to file and serve an opposition.  As noted, plaintiff filed an opposition on June 11, 2012.  The schedule set in the June 20, 2012 order is vacated, and the June 11, 2012 opposition is deemed timely filed.

1

requirements for opposing a motion for summary judgment pursuant to Fed. R. Civ. P. 56.[2] Such a motion is a request for an order for judgment in favor of the defendant without trial. A defendant's motion for summary judgment will set forth the facts that the defendant contends are not reasonably subject to dispute and that entitle the defendant to judgment. To oppose a motion for summary judgment, plaintiff must show proof of his or her claims. Plaintiff may do this in one or more of the following ways. Plaintiff may rely on plaintiff's statements made under penalty of perjury in the complaint if the complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff specifies those parts of the complaint on which plaintiff relies. Plaintiff may serve and file one or more affidavits or declarations setting forth the facts that plaintiff believes prove plaintiff's claims; the person who signs an affidavit or declaration must have personal knowledge of the facts stated. Plaintiff may rely on written records, but plaintiff must prove that the records are what plaintiff asserts they are. Plaintiff may rely on all or any part of the transcript of one or more depositions, answers to interrogatories, or admissions obtained in this proceeding. If plaintiff fails to contradict the defendant's evidence with counteraffidavits or other admissible evidence, the court may accept defendant's evidence as true and grant the motion. If there is some good reason why such facts are not available to plaintiff when required to oppose a motion for summary judgment, the court will consider a request to postpone consideration of the defendant's motion. See Fed. R. Civ. P. 56(d). If plaintiff does not serve and file a written opposition to the motion, or a request to postpone consideration of the motion, the court may consider the failure to act as a waiver of opposition to the defendant's motion. See L.R. 230(l). If the court grants the motion for summary judgment, whether opposed or unopposed, judgment will be entered for the defendant without a trial and the case will be closed as to that defendant.

        In accordance with the above, IT IS HEREBY ORDERED that:

---

[2] Plaintiff was informed of these requirements in an order filed July 19, 2011.

1. Plaintiff's June 11, 2012 opposition to defendants' May 11, 2012 motion for summary judgment is deemed timely filed;

2. Plaintiff is granted thirty days from the date of this order in which to file and serve a supplemental opposition to defendants' May 11, 2012 motion for summary judgment; and

3. Defendants may file a supplemental reply not later than fourteen days after service of any supplemental opposition.

DATED: July 30, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

12
nels2156.ntc

3